IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50817
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus


ARTENOGENES SAENZ-GUEVARA;
JOSE LUIS GARCIA-BALLESTEROS;
ELADIO QUINTERO-NAVARRETTE,

Defendants-Appellants.

_____

Appeal from the United States District Court for the
Western District of Texas
USDC No. EP-95-CR-76
_____
September 18, 1996

Before GARWOOD, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]


Artenogenes Saenz-Guevara ("Saenz"), Jose Luis Garcia-
Ballesteros ("Garcia"), and Eladio Quintero-Navarrette ("Quintero")
were convicted for conspiring together to possess with intent to
distribute heroin.

---

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Saenz and Quintero contend that the evidence introduced at trial was insufficient to support their convictions for conspiracy to possess with intent to distribute heroin. The testimony of the informant was sufficient to establish Saenz's and Quintero's participation in the drug conspiracy under 21 U.S.C. § 846, because it showed an agreement and that Saenz and Quintero knew of the conspiracy, intended to join it, and participated voluntarily in it. United States v. Inocencio, 40 F.3d 716, 725 (5th Cir. 1994). The jury could have found Saenz and Quintero guilty beyond a reasonable doubt. United States v. Martinez, 975 F.2d 159, 160-61 (5th Cir. 1992), cert. denied, 113 S.Ct. 1346 (1993).

Garcia challenges his conviction by alleging that the district court erred in denying his motion to suppress. This court reviews the district court's factual findings under the clearly erroneous standard, and the district court's conclusions of law de novo. United States v. Tellez, 11 F.3d 530, 532 (5th cir. 1993), cert. denied, 114 S.Ct. 1630 (1994). Contrary to Garcia's argument, the information provided by the informant was sufficiently reliable and detailed to "cause an officer of reasonable caution to believe that an offense has been or is being committed." United States v. Carrillo-Morales, 27 F.3d 1054, 1062 (5th Cir. 1994), cert. denied, 115 S.Ct. 1163 (1995). The totality of the circumstances show that there was probable cause to have arrested Garcia without a warrant.

See <u>Illinois v. Gates</u>, 462 U.S. 213, 244 (1983); <u>United States v. Fisher</u>, 22 F.3d 574, 579 (5th Cir.), <u>cert. denied</u>, 115 S.Ct. 529 (1994).

A F F I R M E D.